892 F.2d 1041
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John M. NOWLIN, Plaintiff-Appellant,
v.
GENERAL TELEPHONE COMPANY OF the SOUTHEAST, S.C., LAKE CITY
DISTRICT, Defendant-Appellee.
 No. 87-1085.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 6, 1988.
Decided: Dec. 19, 1989.
 
 Alvin Hinkle, for appellant.
 David Laurence McIntosh (Wright, Powers & Mcintosh, on brief), for appellee.
 Before PHILLIPS, Circuit Judge, BUTZNER, Senior Circuit Judge, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 This is an action brought by John M. Nowlin claiming race discrimination in employment by his former employer, General Telephone Company of the Southeast (GTS). The action originally included parallel claims of workplace harassment and illegal discharge under both Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. After the Title VII claims were dismissed on untimeliness grounds, the § 1981 claims went to trial before a jury. The district court submitted only the discriminatory discharge claim to the jury, holding that the evidence of workplace harassment did not justify submission as a separate claim. The jury returned a verdict for the defendant-employer on the wrongful discharge claim, and following denial of the claimant's post-verdict motions, claimant brought this appeal. Following oral argument, we held the case in abeyance pending the decision of the Supreme Court of the United States in Patterson v. McLean Credit Union, --- U.S. ----, 57 U.S.L.W. 4705 (U.S. June 15, 1989) (No. 87-1077). Following that decision's issuance, we invited supplemental briefing by the parties respecting the effect of Patterson upon the workplace harassment claim's disposition in this case.
 
 
 2
 With that supplemental briefing now considered, we affirm.
 
 
 3
 Appellant has raised four issues on this appeal: whether the district court erred in declining to submit to the jury his workplace harassment claim as a distinct claim under 42 U.S.C. § 1981; whether the court erred in excusing two black jurors on the venire from service; whether the court erred in not applying the principles of Batson v. Kentucky, 476 U.S. 79 (1986), to deny defendant's use of peremptory challenges to strike three black jurors; and whether the court erred in admitting into evidence Nowlin's employee file.
 
 
 4
 We discuss these briefly in turn.
 
 
 5
 Patterson v. McLean Credit Union makes plain that the court did not err in declining to submit a distinct claim of workplace harassment to the jury. Patterson holds flatly that such a claim does not lie under 42 U.S.C. § 1981.
 
 
 6
 The court did not err in excusing the two black jurors from service on the petit jury. Each asked to be excused because she was a school teacher, and the court obliged. After jury selection was complete, Nowlin's counsel for the first time objected to the court's action. The court properly held that the objection was untimely made if considered a challenge to the composition of the jury list. 28 U.S.C. § 1867(c). Obviously, if considered a challenge to the court's discretion in exercising the power to excuse individuals from service, the challenge fails--no abuse of that discretion is shown.
 
 
 7
 In response to Nowlin's objection, on Batson grounds, to defense counsel's exercise of peremptory challenges to reject three black jurors during voir dire, the district court did two things. First, the court opined that Batson did not apply in the civil litigation context, and did not apply, as here claimed, to peremptory challenges by private parties as opposed to the state. Second, the court, out of an abundance of caution, assumed that Batson might apply, and conducted a Batson inquiry into defense counsel's motivation in using the peremptory challenges in issue.
 
 
 8
 We avoid addressing the question whether Batson might apply, and think the court did not err in deciding, under the Batson procedure, that defense counsel had in any event offered sufficient non-discriminatory reasons for exercising the peremptory challenges here in issue.
 
 
 9
 Finally, we find no error in the district court's admission into evidence of Nowlin's entire personnel file over his counsel's objection. The court rejected Nowlin's specific objection on hearsay grounds, ruling that the evidence was not offered to prove the truth of anything asserted in the file, but merely to demonstrate that the employer had a non-discriminatory reason for discharging Nowlin. We think the court properly admitted the whole file--without regard to hearsay objection--as a proper exercise of discretion after Nowlin as well as GTS had introduced portions of the file.
 
 
 10
 AFFIRMED.